UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

KENNETH R. YOUNG,           )
   Plaintiff,              )
                            )
vs.                         )     No. 20-2006
                            )
DANVILLE CORRECTIONAL CENTER)
and MEDICAL DEPRATMENT,     )
   Defendants.             )

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff suffered a dislocated shoulder at Danville Correctional Center and he was immediately sent to an outside hospital for care. Plaintiff says the incident took place on Thanksgiving Day or November 22, 2018.

Once Plaintiff returned to the correctional center, medical staff immediately replaced the hospital sling with a sling from the institution which "was smaller or too small for the Plaintiff, causing the shoulder to once again be dislocated." (Comp, p. 2).

Plaintiff says his arm dislocated yet again when he was forced to climb into a top bunk despite his obvious injury. Other inmates had to help Plaintiff out of the bunk so he could report the injury to the Health Care Unit (HCU).  Plaintiff says he then remained in HCU for four days before medical staff confirmed his injury with x-rays and against sent him to an outside hospital.  Plaintiff says due to the delay, he had to undergo surgery to repair his shoulder.  Plaintiff says he now suffers with constant pain.

Plaintiff has clearly articulated an Eighth Amendment violation based on deliberate indifference to his serious medical condition.  However, Plaintiff has not identified the correct Defendants.  Plaintiff has named only the Correctional Center and unidentified medical staff.

In order to hold an individual liable under Section 1983, Plaintiff must "show that the defendants were personally responsible for the deprivation of their rights." *Wilson v. Warren Cty., Illinois*, 2016 WL 3878215, at *3 (7th Cir. 2016). "A defendant is personally responsible 'if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent.'" *Id. quoting Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995).   In addition, the mere fact that a defendant was a supervisor is insufficient to establish liability because the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under 42 USC §1983. See *Smith v. Gomez*, 550 F.3d 613, 616 (7th Cir. 2008)(supervisor liability not permitted under § 1983).

It is possible Plaintiff does not know the name of every individual such as the person or person who replaced his sling, or failed to provide a low bunk permit, or

2

denied care for four days. However, Plaintiff should indicate whether he has the name of the supervising doctor or doctors, or any of the nurses on duty at the time. Identifying even some of the relevant Defendants will also assist in service of process. Therefore, the Court will require Plaintiff to provide the names of any relevant Defendants in writing within 21 days of this order.

Plaintiff also indicates he is suing for "medical neglect." (Comp, p. 1). First, "a defendant can never be held liable under §1983 for negligence." *Williams v Shaw*, 2010 WL 3835852 at 3 (S.D. Ill. Sept. 24, 2010). Second, if Plaintiff was attempting to claim the state law tort of medical malpractice, Illinois law requires any Plaintiff who is seeking damages for medical malpractice to file an affidavit with the complaint providing required information. *See* 735 Ill. Comp. Stat. § 5/2-622(a). Failure to file the required affidavit is grounds for dismissal of the claim. *See* 735 Ill. Comp. Stat. § 5/2-622(g); See *also Young v. United States*, 942 F.3d 349, 351 (7th Cir. 2019)(allowing *pro se* Plaintiff until summary judgment stage to comply with affidavit requirement in federal court).

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff has alleged medical providers at Danville Correctional Center were deliberately indifferent to his serious medical condition.

2) Before Plaintiff can proceed with this claim, he must state whether he can identify any of the medical staff members directly involved in his allegations. Therefore, within 21 days of this order, Plaintiff must provide a list of an individuals who were directly responsible for his claims. For each name

3

provided, Plaintiff should state when and how they were involved.  If Plaintiff is unsure any of any specific name, he may identify that individual as a Jane or John Doe Defendant.

3) After Plaintiff indicates whether he can identify any of the appropriate Defendants, the Court will attempt to serve the named individuals.

4) The Clerk of the Court is to set this for another internal merit review deadline within 21 days of this order to check on the status of Defendants.

ENTERED this 5th day of May, 2020.

s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE