UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNETH R. YOUNG, ) | |
|    Plaintiff, ) | |
| ) | |
| vs. ) | No. 20-2006 |
| ) | |
| DANVILLE CORRECTIONAL CENTER ) | |
| and MEDICAL DEPRATMENT, ) | |
|    Defendants. ) | |

CASE MANAGEMENT ORDER

On May 5, 2020, the Court entered a Merit Review Order finding Plaintiff had alleged medical providers at Danville Correctional Center were deliberately indifferent to his serious medical condition. Specifically, Plaintiff alleged he dislocated his shoulder on November 22, 2018, but medical staff was deliberately indifferent to his condition resulting in surgery four days later.

Plaintiff named only Danville Correctional Center and Danville Medical Department as Defendants and he failed to identify any specific individuals who were responsible for his allegations. *See* May 5, 2020 Order. Therefore, Plaintiff was given 21 days to clarify his intended Defendants. Plaintiff has now responded. [17].

Plaintiff has explained in detail how Defendants Dr. Young, Nurse Jane Doe #1, and Nurse Jane Doe #2 were involved in denying or delaying medical care. Therefore, the Court will dismiss the institutional Defendants, add the three new Defendants, and attempt service on Dr. Young. Once Dr. Young is in the case, then the parties can attempt to identify the two Doe Defendants.

IT IS THEREFORE ORDERED:

1) Pursuant to its previous merit review of the complaint under 28 U.S.C. § 1915A, Plaintiff alleges Danville Correctional Center Defendants Dr. Young, Nurse Jane Doe #1, and Nurse Jane Doe #2 were deliberately indifferent to Plaintiff's serious medical conditions, a dislocated shoulder and pain, in November of 2018. *See* May 5, 2020 Merit Review Order. The claim is stated against the Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Dismiss Defendants Danville Correctional Center and Danville Medical Department for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 2) Add newly identified Defendants Dr. Young, Nurse Jane Doe #1, and Nurse Jane Doe #2; 3) Attempt service on Defendants pursuant to the standard procedures; 4) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines; and 5) enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 29th day of May, 2020.

                                s/ James E. Shadid
                _____
                          JAMES E. SHADID
                    UNITED STATES DISTRICT JUDGE